## Tracy v. Hanover Township et al.

*J. Justin Blewitt*, and *Vincent H. Quinn*, for plaintiff.

*M. F. McDonald*, for Hanover Township.

LEWIS, J., for court en banc, January 27, 1948.—On December 4, 1947, plaintiff, Mary Loftus Tracy, filed a complaint in trespass, seeking to recover the sum of $51,403.48 in damages, and named the Township of Hanover as one of the defendants.

Defendant township, through its solicitor, filed preliminary objections to plaintiff's complaint on the ground that the Township of Hanover was not a proper party defendant. The disposition of these preliminary objections are now before the court.

The complaint avers:

1. That on February 24, 1946, at about 10 p.m., plaintiff was a passenger in an automobile proceeding in a northerly direction along Main Street in said Township of Hanover.

2. That said automobile collided with the southerly end of a steel girder located in the center of the bridge or overpass spanning certain tracks of the Central Railroad of New Jersey, and that as a result plaintiff sustained serious injuries.

3. That the Township of Hanover was negligent and careless in permitting the existence of a girder or abutment in the middle of the highway.

The preliminary objections to the complaint consist of averments of fact, not of record, that The Township of Hanover was under no legal obligation to maintain its roads and highways in a reasonably safe condition. It is contended that such duty was transferred by contract under date of January 7, 1945, to the Glen

Alden Coal Company, a taxpayer of said township, by order of this court, in pursuance of a legislative enactment: The First Class Township Law of June 24, 1931, P. L. 1206, sec. 2090, et seq.

Consequently, defendant township claims that plaintiff should have brought this action against the real party in interest, to wit, the Glen Alden Coal Company.

Defendant township relies primarily upon the first and second paragraphs of the contract between the Glen Alden Coal Company and itself. These paragraphs are inserted in the contract, in compliance with the above-mentioned act:

"First: To open, make, amend and repair the public highways and bridges of said township (excluding state and county highways and such township roads or portions thereof as have been or may be taken over or maintained, temporarily or permanently, by the Commonwealth of Pennsylvania, or are under repair or improvement by the Works Progress Administration) for the ensuing fiscal year in a lawful and workmanlike manner, wholly at the expense of said party of the first part, and without creating thereby any claim or right against said township for or by reason of the materials, labor or money for persons employed.

"Second: To indemnify and save harmless the said township from all claim, damage, cost or expense of whatever kind, for or by reason of any act or omission of said party of the first part, whereby any claim, suit or other demand may be set up or recovered against said township."

Notwithstanding the act of assembly and the contract entered into in pursuance thereof, this court is of the opinion that the Pennsylvania Legislature, by the passage of the act, did not intend to release defendant township of its primary liability, to wit, to see that

the township roads and highways are maintained in a reasonably safe condition for public use.

Section 2096 of the act expressly provides:

"Inspection.—The commissioners shall view and inspect the making and repairing of the roads in such townships, at least once during every month, and satisfy themselves that the petitioners have fully complied with their contract, before final settlement and expiration of contract. If, at any time, the commissioners shall see that any portion of the roads need repair, they shall notify the petitioners to repair the same. In case said petitioners fail to repair said road within five days after notice, the commissioners are empowered to purchase such materials and employ such men as may be necessary to repair such road, and charge the same to the petitioners."

In addition, section 2094 of the act, which enumerates the provisions to be inserted in such contracts and which appears in the contract between the Township of Hanover and the Glen Alden Coal Company, states:

". . . In such contract, the petitioner or petitioners shall bind him, her, or itself or themselves . . .

"Second: To indemnify and save harmless the township from all claim, damage, cost, or expense of whatever kind, for or by reason of any act or omission of said petitioner or petitioners whereby any claim, suit, or other demand may be set up or recovered against the township."

It is evident from this language that the legislature did not intend first class townships to be immune from suit because it had entered into such a contract for the maintenance of its highways; otherwise, it would not have provided indemnification.

As pointed out supra, defendant township has averred factual matters not of record, to wit, its contract with the Glen Alden Coal Company. Thus

the preliminary objections become in effect a complaint. Consequently, defendant township has failed to comply with Pa. R. C. P. 1024(*a*), which reads as follows:

"Every pleading containing averments of fact not appearing of record in the action or containing denials shall be verified on oath or affirmation that the averments or denials are true upon the affiant's personal knowledge or information and belief. The affiant need not aver the source of his information or expectation of ability to prove the averments or denials at the trial. A pleading may be verified upon personal knowledge as to a part and upon information and belief as to the remainder."

As pointed out in the preliminary survey and explanatory analysis to actions at law of Goodrich-Amram, Civil Practice, p. 118:

". . . The preliminary objection thus becomes a 'complaint' subject to all the rules of pleading of the complaint, including the endorsement of a notice to plead and a verification of the new averments of fact, not of record. The plaintiff, as the defending party, has the right to file a preliminary objection raising any appropriate defenses or objections to the defendant's 'pleading' and has the duty of filing an answer to the averments of fact which in all respects will be equivalent to the defendant's answer to the complaint."

The other alternative open to defendant township was a motion to join the Glen Alden Coal Company as an additional party defendant, in accordance with Pa. R. C. P. 2252(*a*).

Preliminary objections of defendant, Township of Hanover, to the complaint of plaintiff, Mary Loftus Tracy, are dismissed, with leave granted defendant to file the necessary and proper pleadings within 20 days.